# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DERRICK MONTREAL WILSON,
      Petitioner,

    v.                                            Case No. 24-cv-1681

ROBERT MILLER, Warden,
      Respondent.

---

## DECISION AND ORDER

Petitioner Derrick Wilson filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his incarceration pursuant to his state criminal conviction. On October 29, 2025, I denied Wilson's petition. Wilson now moves for reconsideration, asserting manifest error of law or fact. For the reasons that follow, Wilson's motion is denied.

Wilson cites several grounds for reconsideration. He first argues that the court did not fully address his new evidence argument as presented by the parties. In Wilson's response to the state's motion to dismiss, he asserted that the detective's chronological log, the American Inn registration cards, and his alibi family member witnesses satisfy the inquiry for "new reliable evidence" under *Schlup v. Delo* because none of it was presented at trial. 513 U.S. 298, 324 (1995). In that case, the Supreme Court stated that actual innocence must be shown with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.*

The state's reply pointed out the flaws in Wilson's argument. Neither the chronological log nor the registration cards come close to showing actual innocence. The chronological log simply showed that Wilson's probation officer Moseley spoke with

investigators, and from that Wilson extrapolates that Moseley's identification of Wilson on video footage must have been tainted by the "undue influence" of this earlier conversation. Wilson has presented no evidence of undue influence from that conversation beyond supposition and wishful thinking. The American Inn registration cards suggested that Wilson had stayed at the motel in the past, which he offers to explain why his fingerprints were found in the suspect's room. As the state pointed out, this is not evidence of actual innocence. Rather, it argues that this actually may strengthen the state's case because the jury could infer that the motel worker who identified Wilson (R.J.) would be more likely to recognize a frequent guest. The state also dismissed Wilson's eyewitness accounts. It argued that Wilson failed to include any affidavits showing what these witnesses—his family members—would testify to, instead just baldly asserting that they would testify he was with them during one of the robberies.

To excuse his procedural default, Wilson needed to have shown with "new reliable evidence" that the trial "probably resulted" in the conviction of someone who is "actually innocent." *Schlup*, 513 U.S. at 324–26. He must have shown that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt" had his new evidence been shown at trial. *Id.* at 329. But Wilson's evidence does not come close to establishing his innocence with any significant probability. As the state argued, and I agree, Wilson's "evidence" either proves nothing or would be so weak in light of the evidence presented at trial that it is hard to imagine the jury reaching a different verdict. The family alibi witnesses would have dubious credibility under the best of circumstances because the jury could reasonably find that they are conflicted by their relationships to Wilson. And any remaining credibility was shattered when Wilson's trial counsel—with no

identifiable motive to lie—told the court after Wilson waived privilege that his mother's recollection contradicted the alibi defense he intended to question her about. As for the chronological log and registration card, they pale in comparison to the state's evidence. The jury heard from Detective Schlachter that Wilson's mother "instantly and without any hesitation" identified the suspect as her son in the American Inn surveillance footage.[1] ECF No. 11-5 at 185. They heard positive identifications of Wilson from the motel manager who was robbed at gunpoint and from Wilson's probation officer[2] who recognized him in the surveillance footage. ECF No. 11-5 at 122; 11-6 at 51. They heard that Wilson's fingerprints were found on a garbage bag in the assailant's motel room, which Wilson could not plausibly rebut by suggesting that he rented that room two months earlier and motel staff failed to clean the room that entire time. ECF No. 11-5 at 173. This collective evidence against Wilson was overwhelming, such that a reasonable juror could easily find him guilty beyond a reasonable doubt even with Wilson's new evidence.

Even if Wilson could show evidence of actual innocence, it would not by itself warrant habeas relief. It would simply excuse the procedural default of the constitutional grounds never reached on the merits in state court. *Cal v. Garnett*, 991 F.3d 843, 850 (7th Cir. 2021) ("[O]nce the actual innocence exception is satisfied, the petitioner must then identify a constitutional error that infected the trial to warrant habeas relief."). Actual innocence, by itself, is not enough to warrant habeas relief in a non-capital criminal case. *Id.* at 850–51. I will not belabor this point because I am forbidden from considering

---

[1] Later on the stand, Wilson's mother gave what can generously be described as an unconvincing denial of the detective's recitation. ECF No. 11-5 at 90–93.

[2] The prosecution introduced Mr. Moseley as a "state employee" who had personally met with Wilson approximately twelve times, to avoid the prejudicial implication of Wilson meeting with a probation officer.

3

Wilson's grounds on the merits, but even if Wilson had shown actual innocence, he would have faced another considerable burden in proving his constitutional claims.

Therefore, **IT IS ORDERED** that Wilson's Motion for Reconsideration (ECF No. 26) is **DENIED**.

**IT IS FURTHER ORDERED** that Wilson's Motion to Perpetuate Testimony Pending Appeal (ECF No. 28) is **DENIED**. Wilson seeks permission to take and preserve deposition testimony of his mother, Denise Freeman, who was recently diagnosed with brain cancer. Rule 27 of the Federal Rules of Civil Procedure allow the court to permit preservation of testimony pending appeal "if an appeal has been taken or may still be taken" to "prevent a failure or delay of justice." I do not find that justice requires this testimony be preserved, as the state presented overwhelming evidence of Wilson's guilt at trial and I denied Wilson's request for a certificate of appealability.

Dated at Milwaukee, Wisconsin, this 23rd day of March, 2026.

/s/ Lynn Adelman
LYNN ADELMAN
United States District Judge

4